# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| CAROL GROMLING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 4:15-cv-00618-SRB |
| ) | |
| MIDWEST DIVISION-RMC, LLC, ) | |
| d/b/a RESEARCH MEDICAL CENTER ) | |
| and ROBYN MILLER, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before this Court are Defendant Robyn Miller's Motion to Dismiss Plaintiff's Complaint (Doc. #9) and Plaintiff's Motion for Remand (Doc. #12). For the reasons explained below, Plaintiffs' Motion for Remand is GRANTED, and Defendant's Motion to Dismiss is DENIED without prejudice.

### I. BACKGROUND

Plaintiff Carol Gromling filed this action for discrimination in violation of the Missouri Human Rights Act, Mo. Rev. Stat. § 213.010, et seq., ("MHRA") in the Circuit Court of Jackson County, Missouri. Defendants Midwest Division – RMC, LLC, d/b/a Research Medical Center, and Robyn Miller filed their Notice of Removal dated August 17, 2015, asserting that this Court had diversity jurisdiction over the action given that the only non-diverse Defendant, Robyn Miller, was fraudulently joined. Defendant Miller thereafter filed a motion to dismiss Plaintiff's claim pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction or, in the alternative, Fed. R. Civ. P. 12(b)(6) for failure to state a plausible claim. Defendant Miller argues Plaintiff failed to name Miller in the charge of discrimination filed with the Missouri

Commission on Human Rights and had, therefore, failed to satisfy a statutory prerequisite to maintaining an action against her.

On September 14, 2015, Plaintiff filed her Motion for Remand. Plaintiff asserts that Defendant Miller is a necessary party in this action and must be considered for jurisdictional purposes.

## II.     LEGAL AUTHORITY

A party may remove an action to federal court if there is complete diversity of the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332(a) and 1441(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The party seeking removal bears the burden of establishing federal jurisdiction. In re Bus. Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993). "[A] district court is required to resolve all doubts about federal jurisdiction in favor of remand." Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997) (citation omitted).

> The Eighth Circuit has articulated the fraudulent joinder standard as follows:
>
> Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. "[I]t is well established that if it is clear under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." Iowa Pub. Serv. Co. v. Med. Bow Coal Co., 556 F.2d 400, 406 (8th Cir. 1977). However, if there is a "colorable" cause of action—that is, if the state law might impose liability on the resident defendant under the facts alleged—then there is no fraudulent joinder. See Foslip Pharm., Inc. v. Metabolife Int'l, Inc., 92 F. Supp. 2d 891, 903 (N.D. Iowa 2000).

Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 810 (8th Cir. 2003) (internal footnote omitted). "[J]oinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." Wiles v. Capitol Indem. Corp., 280 F.3d 868, 871 (8th Cir.

2002). If there is a reasonable basis in fact and law that supports the claim, joinder is not fraudulent. Filla, 336 F.3d at 810. In conducting this inquiry, the Court must "resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor," but the Court has "no responsibility to definitively settle the ambiguous question of state law." Id. at 811 (citations omitted) (emphasis in original).

### III. ANALYSIS

Defendants removed this action arguing Defendant Miller was fraudulently joined to defeat diversity jurisdiction. Specifically, Defendants assert the joinder was fraudulent and Miller is precluded from suit because Plaintiff did not name Miller in her charge of discrimination. Defendant Miller concludes Plaintiff failed to exhaust her administrative remedies under the MHRA with respect to her claims against Miller. Defendant Miller further asserts the complaint must be dismissed for failure to exhaust administrative remedies.

Defendant Miller relies on the elements set forth in Hill v. Ford Motor Co., which determine whether a "substantial identity of interests" exists to assist courts in weighing the interests of the parties.[1] 277 S.W.3d 659, 660–70 (Mo. banc 2009). Defendants have directed the Court's attention to cases applying the Hill factors at the motion to dismiss stage and dismissing a party that was not named in the charge of discrimination. See, e.g., Eckerman v. KMBC-TV, No. 08-00994-CV-W-DGK, 2009 WL 9837587 (W.D. Mo. July 17, 2009); Gates v. City of Lebanon, 585 F. Supp. 2d 1096, 1100 (W.D. Mo. 2008); Thomas v. Nash, No. 4:14-CV-1993 ERW, 2015 WL 1222396 (E.D. Mo. March 17, 2015).

---

[1] The four factor Hill test looks at: "1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party." Hill, 277 S.W.3d at 669–70.

Plaintiff argues in her pending Motion for Remand and suggestions in opposition to the motion to dismiss that incomplete diversity exists here because failing to name Miller in her charge of discrimination is not fatal to her claim under Missouri law, and the joinder of Miller is valid. Plaintiff suggests that the Hill factors should not apply to the Court's analysis, but the Court should use the "reasonable basis standard" discussed in Bergseiker v. McDonald's Corp., No. 4:14-CV-1419-RLW, 2015 WL 1457067 (E.D. Mo. March 30, 2015). Plaintiff acknowledges that she failed to list Defendant Miller in the box at the top of the charge, but states an arguably reasonable basis exists for the Missouri state court to impose liability against Miller because Miller was, in fact, named and discussed in the body of the charge.

> In Bergsieker, the court explained:
>
> Fraudulent joinder does not exist where there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved. [I]n situations where the sufficiency of the complaint against the non-diverse defendant is questionable, the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide.

Id. at *3 (internal citations and quotations omitted). In Bergsieker, defendant encouraged the court to apply the Hill factor test to determine if joinder was proper. Id. The court explained that "several courts in this district have declined to adopt the four-factor 'substantial identity of interest' test because 'the Eighth Circuit in Filla mandated that the Court's inquiry is limited only to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved, not to definitively settle the ambiguous question of state law.'" Id. at 4 (quoting Jones v. Valspar Corp., 4:11–CV–00379–NKL, 2011 WL 3358141, at *3 (W.D. Mo. Aug. 3, 2011)) (citing in turn Filla, 336 F.3d 806). The Court ultimately found that "the store manager, was identified in the Charge of Discrimination as someone to whom [plaintiff] complained but who failed to take any action … and [held] that this

evidence provides an arguably reasonable basis for predicting that the state courts would find that [plaintiff] sufficiently exhausted her claims against [defendant]." Id. at 4. The court followed the "clear precedent" and concluded the issue of whether plaintiff's claim against defendant "can proceed is better left for review by the state court." Id.

The Jones opinion, cited by Bergsieker, recognized that a district court's determination of remand based on fraudulent joinder is "'limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved.'" 2011 WL 3358141, at *2 (citing Filla, 336 F.3d at 811). In Jones, Judge Laughrey thoroughly analyzed this issue of failing to name an individual in the administrative complaint but suing the unnamed individual at a later time.

> Additionally, under Missouri law, "[t]he MHRA permits suit to be brought against supervisory employees ... not just against the company itself, and the failure to make him a party at the administrative action before the ... MCHR will bar suit against him only if it resulted in prejudice." Hill v. Ford Motor Co. 277 S.W.3d 659, 662 (Mo. 2009) (en banc). Since the Missouri Supreme Court has described circumstances in which a trial court should allow a defendant to be sued even if the defendant was not named in the administrative complaint, the determination of whether the suit should be dismissed must be made by a Missouri court in connection with a summary judgment motion and a complete evidentiary record. See Johnson v. Durham D & M, L.L.C., 2009 WL 2581265, (W.D. Mo. Aug. 19, 2009); Sinderson v. Bayer CropScience, LP, 2009 WL 4893201, (W.D. Mo. Dec. 10, 2009).

Jones, 2011 WL 3358141, at *3 (remanding case while analyzing the failure to name the individual defendant in the administrative complaint). The court explained, "[b]ecause persons filing charges with the [administrative agencies] typically lack legal training, those charges must be interpreted with the utmost liberality in order not to frustrate the remedial purposes of [the statute]." Id. (quoting Cobb v. Stringer, 850 F.2d 356, 359 (8th Cir. 1988)).

Several courts have analyzed whether the Hill factors apply when the plaintiff fails to name the individual defendant in the charge. Chief Judge Kays clarified in Stoker v. Lafarge

North America, Inc. that, "[i]n applying Hill, federal district courts often forgive a plaintiff's failure to name an individual defendant in an administrative charge, but not always. The result is determined by the specific facts of each case." No. 4:12-CV-0504-DGK, 2013 WL 434049, at *4 (W.D. Mo. Feb. 5, 2013) (dismissing an unnamed party). In Sinderson v. Bayer CropScience, LP, Judge Gaitan opined that "the failure to name [the supervisor] as a respondent in the Administrative Charge does not mean that plaintiff is precluded from suing [the supervisor] in this action or that she was fraudulently joined. As discussed in Hill, there are circumstances under which the case can proceed even though [the supervisor] was not named." No. 09-0693-CV-W-FJG, 2009 WL 4893201, at *3 (W.D. Mo. Dec. 10, 2009).

Courts in the Eastern District of Missouri have also addressed this issue, finding that

> [g]enerally, in order for a plaintiff to exhaust his administrative remedies, he must name all of those alleged to be involved in the discriminatory behavior in his original administrative charge. Hill, 277 S.W.3d at 669. The purpose of naming a party in the charge of discrimination is to provide notice to the charged party and an avenue for voluntary compliance. Id. (citing Glus v. G.C. Murphy Co., 562 F.2d 880, 888 (3rd Cir. 1977)). For these goals to be met, the court must find "a substantial identity of interest between the parties sued and those charged." Id.

Speraneo v. Zeus Tech. Inc., No. 4:12–CV–578–JAR, 2012 WL 2885592, at *5 (E.D. Mo. July 13, 2012) (not dismissing an unnamed party).

As explained in Jones, because Plaintiff lacks legal training with respect to filing administrative charges pursuant to the MHRA, these charges against Defendants must be interpreted with the utmost liberality. 2011 WL 3358141, at *3. The Right to Sue letter, attached to Plaintiff's complaint, indicates Plaintiff has "the right to bring a civil action within 90 days of the date of this letter against the respondent(s) named in the complaint." (Doc. #1-2, p.13). In this action, Plaintiff states she "named Miller in her Charge as the department head to whom she

submitted her written complaint of harassment." (Doc. #12, p.8; Doc. #1-2, p.12) Plaintiff further asserts she noted in the complaint that "Miller was the person who placed her on an unpaid leave of absence, and that Miller terminated her days later – in retaliation for complaining of harassment." Id.

Accordingly, this Court will follow the lead of the majority of courts and apply the "reasonable basis" standard rather than the Hill four-factor test at this stage. The Court finds that this case is sufficiently similar to Bergsieker, in that Plaintiff mentioned the supervisor by name in the body of the charge, but omitted the name from the top of the form. The majority of cases hold that a decision as to whether plaintiff can assert a claim against an individual defendant not specifically named as a Respondent in the charge of discrimination is better left to the state courts. Because there is "a reasonable basis for predicting that the state's law might impose liability against the defendant," the Court finds that Defendant Miller was not fraudulently joined and her citizenship must be considered. Filla, 336 F.3d at 810. Due to a lack of jurisdiction over this matter, this action is remanded. The Court declines to further address Defendant Miller's motion to dismiss.

IV. Conclusion

For the reasons discussed above, it is hereby

**ORDERED** that Plaintiff's Motion to Remand (Doc. #12) is GRANTED; and

**ORDERED** that Defendant Robyn Miller's Motion to Dismiss Plaintiff's Complaint (Doc. #9) is DENIED without prejudice.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
United States District Judge

DATE: October 20, 2015